## Saylor v. Cox et al.

June 14, 1946.

James M. Gilbert for appellant.

W. J. Stone for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE REES— Affirming.

The principal ingredient of this law suit is ill feeling. The value of the property is secondary.

The appellant, Pearlie Saylor, and her husband, James Saylor, purchased a small tract of land in Bell county in 1941, and the land was conveyed to them jointly. The consideration was $250, of which $25 was paid in cash. A lien was retained in the deed to secure the payment of the remaining $225, which was to be paid in monthly installments of $10 each. On September 12, 1944, Orval Cox, who owned an adjoining tract of land, and Matt Young purchased the timber on the Saylor land for $200 by a written contract signed by Cox, Young, and James Saylor, and the purchase price was

paid to Saylor. After practically all of the timber had been cut and removed, Pearlie Saylor brought this suit against Cox and Young to recover the value of the timber and to enjoin the defendants from committing further trespasses. A temporary restraining order was issued by the circuit clerk. On the trial of the case the court entered a judgment dismissing the petition and setting aside the restraining order. Plaintiff has appealed, and insists the judgment is erroneous because she is a joint owner of the land, did not sign the contract, and received no part of the consideration.

Briefly stated, the proof shows that appellees were informed it was not necessary to obtain appellant's signature on the contract, appellant agreed to the sale of the timber, and knew that her husband executed a written contract. When asked if she made any contract with appellees, she said:

"I said 'Boys listen, as long as you all deal right with me, I will deal 50-50, you deal 50-50 with me and I will deal right with you.' I said 'Don't break the contract and we will be all right, don't break the contract, we will have trouble if you do.' Q. What contract were you talking about? A. This contract we are into it over now, the only contract we have ever given, and it wasn't given lawful, he signed it and I wouldn't; they were willing to take that way. Q. Who got the money they put up? A. I didn't see any money put up; my husband got it."

Appellant stood by and saw practically all of the timber cut and removed. Her husband testified that $55 of the purchase price was applied on the lien debt on the land, and the remainder was used for household expenses. All of the timber cut by appellees was sold to a lumber dealer for $354, and appellant claims she is entitled to one-half of this amount, or $177, which is far in excess of its value as standing timber. She did not sign the contract, but it is conclusively shown that she agreed to the sale and stood by and saw appellees cut and move the timber from the land. A faint effort was made to show that appellees had breached the contract by cutting small timber not covered by the contract, but the effort was a complete failure. Under the facts, appellant is estopped from asserting her present claim.

The judgment is affirmed.